JAP:BGK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

KAISEEM KINRED,

          Defendant.

- - - - - - - - - - - - - - - -X

**M-09-1110**

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C.
§ 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

      Jose A. Ruiz, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly appointed according to law and acting as such.

      Upon information and belief, on or about November 9, 2009, within the Eastern District of New York, the defendant KAISEEM KINRED, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Taurus 9mm semi-automatic pistol.

      (Title 18, United States Code, Section 922(g)(1)).

      The source of your deponent's information and the grounds for his belief are as follows[1]:

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probably cause to arrest KAISEEM KINRED as described in greater detail below, I have not set forth every

1. I have been a Special Agent with ATF for approximately nine years. My information in this case comes from reviews of records of the New York City Police Department ("NYPD"), conversations with NYPD officers, and other official records of government agencies.

2. On or about November 9, 2009, at approximately 1:00 a.m., New York City Police Department ("NYPD") Officer Vladimir Ravich and Sgt. Christopher Thomas of the PSA-02 were on routine patrol in a marked police vehicle. They stopped on the walkway in front of 1257 Loring Avenue in Brooklyn, New York and observed the defendant sitting on a wooden bench outside this address. While performing a routine patrol of the area, the officers smelled an odor that, based on their training and experience, appeared to resinate from the smoking of crack cocaine when they walked towards the defendant. The odor became stronger as they approached him.

3. Upon reaching the defendant, the officer asked the defendant what he was doing there. The defendant responded in substance that he was waiting for his girlfriend. The officers then asked the defendant to move. Immediately, thereafter, the defendant pushed the officers away and attempted to flee.

---

fact learned during the course of this investigation.

4. The officers immediately grabbed the defendant. Officer Ravich observed the defendant pull from his waist a black firearm. At that time, both officers tackled the defendant and the firearm was dislodged from the defendant's hand and fell to the ground. Officer Ravich then arrested the defendant and retrieved the pistol, a Taurus 9mm semi-automatic pistol with the serial number obliterated.

5. I have reviewed criminal history records for the defendant, which reveal that the defendant has been convicted of at least the following crimes: on March 10, 1997, the defendant was convicted in Kings County Supreme Court of Attempted Robbery -Forcible Theft Armed With A Deadly Weapon, a Class C felony, and sentenced to four to eight years in prison.

6. I have spoken with an ATF interstate nexus expert, who informs me that the above-mentioned Taurus 9mm semi-automatic pistol was manufactured outside the State of New York.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant KAISEEM KINRED, so that he may be dealt with according to law.

*[signature]*

Jose A. Ruiz
Special Agent
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

Sworn to before me this
10th day of November, 2009

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK