FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 14 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

UNITED STATES OF AMERICA,

                                            09 CR 832 (SJ) (VVP)

v.

                                            <u>ORDER ADOPTING
REPORT AND
RECOMMENDATION</u>

KAISEEM KINRED,


            Defendant.

------------------------------------------------X

APPEARANCES
LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
By:    Soumya Dayananda
        Assistant United States Attorney
Attorney for the Government

ALAN M. NELSON
3000 Marcus Avenue
Lake Success, New York 11042
By:    Alan M. Nelson
        Court Appointed Counsel
Attorney for Defendant

JOHNSON, Senior District Judge:

      Defendant Kaiseem Kinred ("Defendant" or "Kinred") has been charged in a two-count indictment with: (1) being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 3551 <u>et seq.</u>; and

1

(2) possession of a defaced firearm in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B), and 3551 et seq. Presently before this Court is Kinred's motion to suppress the firearm and ammunition that was seized from his person by officers of the New York City Police Department's Housing Bureau.

On February 9, 2010, the motion was referred to Magistrate Judge Viktor V. Pohorelsky for a Report and Recommendation ("Report"). Judge Pohorelsky conducted a hearing on the motion on April 19, 2010. On May 18, 2010, Judge Pohorelsky issued his Report in which he recommends denying Defendant's motion.[1] Pursuant to 28 U.S.C. § 636(b)(1), Defendant timely filed objections to the Report on May 22, 2010.

The Court has reviewed de novo the portions of the Report to which Defendant objects. Defendant's objections do not raise any new legal or factual arguments not previously considered by Judge Pohorelsky. Accordingly, the Report is adopted in its entirety.

BACKGROUND

Defendant filed an affidavit indicating that on November 9, 2009, he was sitting in front of 1257 Loring Avenue, a building included in the Pink Houses housing project where his alleged girlfriend lives (the "Building"). (See Affidavit of Kaseem Kinred) ("Kinred Aff.") ¶ 1.) According to Defendant, he was sitting on

---

[1] Defendant's motion also included other prayers for relief, upon which the parties agreed. (See Report at 2.) Moreover, Defendant moved for bifurcation of specific issues, which the Report denied. Defendant filed no objections to this finding. Accordingly, none of these claims are discussed in this Order.

2

P-049

the benches outside reading a book and, because it was dark, he was doing so through the use of his lighter. Officer Ravich and Sergeant Thomas approached him and asked what he was doing there. Kinred replied that he was waiting for his girlfriend. Kinred also asserts that Ravich and Thomas believed he was smoking crack-cocaine. (Kinred Aff. ¶3.) Defendant admits to "getting to his feet and bolting towards the entrance" of the Building. (Def. Obj. at 2.) He also admits that he pushed Officer Ravich, who lost his balance. A scuffle then ensued during which Defendant was sprayed with either mace or pepper spray and thrown to the ground. Defendant claims that a Taurus .9 millimeter pistol then "fell" or was removed from his waistband by Officer Ravich at some point during the scuffle. (Kinred Aff. ¶3.)

At the hearing on the motion, the Government presented the testimony of Officer Ravich and Sergeant Thomas. Ravich testified that he smelled the odor of burning crack-cocaine while driving in a patrol car near the area where Kinred was sitting. (Report at 6.) Ravich stated that he asked Kinred what he was doing there. Thomas testified that when Kinred replied, Thomas asked Kinred if he lived in the Building. (Report at 7.) Ravich also stated that he asked Kinred to move. He did not tell Kinred why at the time, but testified that he believed Kinred was smoking crack cocaine. (Def. Obj. at 2.) Ravich further testified that when Kinred pushed him, he lost his balance but was able to chase Kinred. When Ravich grabbed Kinred, Kinred reached into his clothing and pulled out the pistol. Ravich tackled

3

Kinred and dislodged the gun from his hand. After a scuffle involving all three men, Ravich and Thomas eventually used pepper spray to subdue Kinred. Ravich recovered the gun. (Report at 7–8.) Kinred called no witnesses and presented no evidence.

## DISCUSSION

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 14 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. If either party objects to the magistrate judge's recommendations, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See id. A de novo determination entails an independent review of all objections and responses to the magistrate's findings and recommendations. See, e.g., United States v. Tortora, 30 F.3d 334, 337 (2d Cir. 1994); cf. Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc., 973 F.2d 1033, 1045 (2d Cir. 1992). The Court, however, does not need to rehear contested testimony in order to make its determination. United States v. Ten Cartons Ener-B Nasal Gel, 888 F. Supp. 381, 390 (E.D.N.Y.), aff'd, 72 F.3d 285 (2d Cir. 1995).

4

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Defendant argues that he was "seized" under the Fourth Amendment when Ravich asked him to move because Ravich had no reasonable suspicion or probable cause for the inquiry. He further argues that the discovery and seizure of the firearm was unlawful because officers had no probable cause to arrest him.

As for the seizure of Kinred's person, a police officer may approach an individual and ask questions without running afoul of the Fourth Amendment if "a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter." Florida v. Bostick, 501 U.S. 429, 437 (1991). To determine whether the encounter constitutes a seizure, the Court must examine the totality of circumstances surrounding the encounter. See id. at 439. When the police display a show of authority---e.g., by commanding an individual to stop---a Fourth Amendment seizure does not occur if the individual does not yield to the officer's express or implied command. See California v. Hodari D., 499 U.S. 621, 625–26 (1991). Further, the Second Circuit has held that even if an officer's order

5

P-049

to a person is unsupported by reasonable suspicion, a seizure still does not occur if the individual does not submit to the officer's assertion of authority. United States v. Swindle, 407 F.3d 562, 572–73 (2d Cir. 2005).

Here, Judge Pohorelsky found that Kinred was not "seized" for Fourth Amendment purposes until after he shoved Officer Ravich and ran toward the Building. Before the shove, Kinred's encounter with Ravich and Thomas consisted of simple questions and answers, and a request for Kinred to move. Even if the request was unreasonable, Judge Pohorelsky reasoned, Kinred's subsequent shove and run to the Building was a failure to submit to the officers' authority. Therefore, under Swindle, there was no Fourth Amendment seizure at that point. (See Report at 12–13.) Judge Pohorelsky also declined to resolve the factual dispute as to whether the officers actually smelled crack burning before they approached Kinred, because the pre-shove encounter was consensual. (See Report at 13–14.)

As to the recovery of the weapon, law enforcement officers have probable cause to arrest when at the moment of arrest, "the facts and circumstances within their knowledge and of which they had reasonable trustworthy information were sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964). In this case, Judge Pohorelsky found that when Kinred shoved Ravich, he committed the offense of harassment under New York Penal Law § 240.26(1), and therefore

P-049

provided Officer Ravich with probable cause to make an arrest. Accordingly, Judge Pohorelsky found, because the weapon was obtained pursuant to the lawful arrest, its seizure did not violate the Fourth Amendment. (See Report at 12–13.)

In his objections, Defendant argues that Judge Pohorelsky erred in finding that Ravich had a reasonable suspicion that criminal activity was afoot or that there was probable cause to believe that Kinred was committing a crime. (See Def. Obj. at 4–5.) Having reviewed the hearing transcript and Judge Pohorelsky's Report, and in light of the fact that Defendant has not raised any new arguments that would convince this Court to reject Judge Pohorelsky's recommendation, this Court affirms and adopts the Report in its entirety.

SO ORDERED.

DATED: October 14, 2010
       Brooklyn, New York

/s/(SJ)
Sterling Johnson, Jr., Senior U.S.D.J.